UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Lewis                                                            Civil Action No. 6:20-00364

Versus                                                           Judge Michael J Juneau

Children & Family Services                      Magistrate Judge Carol B Whitehurst

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is a Motion to Dismiss Arising From Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6) filed by the State of Louisiana through the Louisiana Department of Children and Family Services ("Louisiana") [Rec. Doc. 10-1] and Pro se Plaintiff Leticia W. Lewis's Memoranda in Response[1] [Rec. Doc. 14]. For the reasons that follow, the Court will recommend that the Motions To Dismiss be granted.

## I. FACTUAL BACKGROUND

Plaintiff filed this complaint under 42 U.S.C. § 1983 against the Louisiana Department of Children and Family Services contending that her "parental rights, civil rights and [her] constitution [*sic*] rights were all violated for no reason at all."

---

[1] Complaints filed by pro se litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard a pro se plaintiff must allege more than " 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

She alleges she "was not able to call any of [her] witnesses or stay [*sic*] anything at all." *R. 1*. Accordingy to her Complaint, on January 13, 2020, in Vermilion Parish, Abbeville, Louisiana, Plaintiff was "arrested or went to jail," although no charges were filed and no evidence was presented against her. *Id.* She contends her children were taken for no reason, her parental rights were terminated, and she was not allowed to call any witnesses. Plaintiff asserts she "want[s] a new trial" and compensation for "pain and suffering" for six (6) years, $20,000 for each child, $50,000 for herself and her children returned to her.

Louisiana filed the instant motion asserting that Plaintiff's Complaint must be dismissed with prejudice for lack of subject matter jurisdiction under Rule 12(b)(1), and alternatively, Rule 12(b)(6), for failure to state a violation of constitutional rights under § 1983. The Court will address Louisiana's motion as follows.

## II. LAW AND ANALYSIS

### A. Lack of Subject Matter Jurisdiction Under 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Because a 12(b)(1) motion is jurisdictional, a court considers

such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[ ] a court without jurisdiction from prematurely dismissing a case with prejudice," *Id.* at 286-87. Rule 12(b)(1) requires dismissal of a complaint for "lack of subject-matter jurisdiction" if the Court lacks statutory or constitutional power to adjudicate the case.

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287. Furthermore, the plaintiff has the burden of demonstrating that subject matter jurisdiction exists. *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)).

### B. Eleventh Amendment

Louisiana argues that plaintiff's suit against it is barred by the Eleventh Amendment. Because this argument is jurisdictional, the Court considers it under Rule 12(b)(1), and considers it first. *See Jefferson v. La. State Supreme Court*, 46

3

Fed. App'x. 732, 2002 WL 1973897, at *1 (5th Cir. 2002) (per curiam)("[E]leventh amendment immunity ... deprives the court of subject matter jurisdiction of the action." *See also Ysleta del Sur Pueblo v. Texas*, 36 F.3d 1325, 1336 (5th Cir. 1994)("[T]he Eleventh Amendment operates as a jurisdictional bar.")

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Louisiana has not consented to this suit.[2] *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002)("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." citing La. Rev. Stat. § 13:5106(A)); *see also Holliday v. Bd. of Supervisors of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014)("While Louisiana may have waived sovereign immunity with respect to some claims, La. Const. art. 1 § 26 makes it clear the State has not waived its sovereignty within the federal system").

Generally, therefore, Louisiana enjoys immunity against suits brought in federal court. This immunity extends to suits brought under state law. *See Richardson v. S. Univ.,* 118 F.3d 450, 453 (5th Cir. 1997)(stating that state-law claim is barred where "the plaintiff's claim was against the State of Louisiana and

---

[2] *See* R. 10-1 at p. 9 ("[T]he State of Louisiana "did not choose this forum nor did it waive its sovereign immunity at any time.")(citing La. R.S. § 13:5106(A)("[n]o suit against the sate or a state agency or political subdivision shall be instituted in any court other than a Louisiana court.")

4

not the named defendant acting in his individual capacity"). It also applies to suits under Section 1983. *See Cozzo*, 279 F.3d at 281 ("[I]n enacting § 1983, Congress did 'not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States'" quoting *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

Furthermore, this immunity can extend not only to suits against Louisiana itself, but also to state agencies. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002)("[T]he Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is the real, substantial party in interest"). Specifically, "the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Id.*

Given that the Court does not have subject matter jurisdiction over Plaintiff's claims against Louisiana through the Louisiana Department of Children and Family Services, the Court does not address Defendant's arguments in the alternative that it is not a "person" for the purposes of § 1983.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion To Dismiss Arising From Fed. R. Civ. P. 12(b)(1) and Rule 12(b)(6) filed by the State of Louisiana through the Louisiana Department of Children and Family Services

5

[Rec. Doc. 10-1] be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1), and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 1st day of October, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE